# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| JENNIFER MCCLELAND and BRADD MCCLELAND A/N/F of JOLIE MCCLELAND<br>          Plaintiffs,<br><br>     v.<br><br>A & B GROUP, INC., and CODY P. THOMPSON<br><br>          Defendants. | NO. _____<br><br><br>COMPLAINT FOR DAMAGES<br>Personal Injury Action (28 U.S.C. §1332)<br><br><br><br>[DEMAND FOR JURY TRIAL] |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

JENNIFER MCCLELAND and BRADD MCCLELAND A/N/F of JOLIE MCCLELAND file this case alleging personal injuries caused by the negligence of A & B GROUP, INC., and CODY P. THOMPSON and would show the Court the following:

### I. PARTIES

1.     Plaintiff are residents of Vidor, Orange County, Texas

2.     Defendant, A & B GROUP, INC., is a Louisiana Corporation with its principal office in office in Sulphur, Louisiana.  A & B GROUP, INC. may be served by through its registered agent for service in Texas, Ricky Griffin, at 450A Preston Rd., Pasadena, Texas 77503.

3.     Defendant, CODY P. THOMPSON, is a resident of Louisiana who may be served at his residence at 312 Bunting Rd, Pitkin, Louisiana 70656.

## II. JURISDITION AND VENUE

4. Federal subject matter jurisdiction is based on 28 U.S.C. 1332(a) in that there is complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Federal District based on 28 U.S.C. 1391(a) because a substantial part of the events and omissions giving rise to Plaintiffs' cause of action occurred in this Federal District.

## III. FACTS

6. On or about March 14, 2018, JENNIFER MCCLELAND was driving east bound on Interstate 10 in Orange County, Texas.

7. JENNIFER MCCLELAND's daughter, JOLIE MCCLELAND, was a passenger in the car.

8. Near mile marker 867, a tractor trailer driven by CODY P. THOMPSON changed from the inside lane to the middle lane in an unsafe manner striking the left rear quarter panel of the vehicle driven by JENNIFER MCCLELAND causing it to spin counter clockwise, get stuck on the front bumper of the tractor trailer while it was still moving forward, then finally spin off and strike the driver's side of the truck.

9. At the time of the accident, CODY P. THOMPSON was in the course and scope of his employment with A & B GROUP, INC.

10. JENNIFER MCCLELAND and JOLIE MCCLELAND were injured as a result of the collisions.

## IV. NEGLICENCE

11. The collision and resulting injuries were proximately caused by various acts of negligence and/or negligence *per se* on the part of A & B GROUP, INC., including, but not limited to:

    1. negligently entrusting its vehicle to a reckless, incompetent and/or unsafe driver;
    2. negligently hiring CODY P. THOMPSON;
    3. negligently retaining CODY P. THOMPSON;
    4. failing to properly train CODY P. THOMPSON;
    5. failing to properly inspect, repair and/or maintain its vehicle; and
    6. committing various other acts/or omissions to be specified at trial.

12. Because CODY P. THOMPSON was in the course and scope of his employment with A & B GROUP, INC. at the time of the collision, A & B GROUP, INC. is liable for his negligence.

13. The collision and resulting injuries were proximately caused various acts of negligence and/or negligence per se on the part of CODY P. THOMPSON including, but not limited to:

    1. changing lanes when unsafe;
    2. failing to maintain a single lane of travel;
    3. failing to keep a proper lookout;
    4. failing to properly inspect and/or adjust his mirrors; and
    5. committing various other acts/or omissions to be specified at trial.

14. To the extent that either Defendant's conduct was contrary to the Federal Motor Carrier Safety Regulations as set out by U.S. Department of Transportation (See

parts 383, 387 and 390-397), it is guilty of negligence *per se* as a result of the statutory violation. In addition, any such actions fall outside of the standard of care established for commercial carriers/drivers by the Department of Transportation.

## V. DAMAGES

15. Defendants' negligence legally caused serious injuries to Plaintiffs. Those injuries have resulted in damages in excess of the minimum jurisdictional limits of this Court.

16. JENNIFER MCCLELAND's damages include necessary medical expenses, past and future; loss of earnings and/or earning capacity, past and future; physical pain and suffering, past and future; mental anguish, past and future; and physical impairment, past and future.

17. JOLIE MCCLELAND's damages include necessary medical expenses, past and future; physical pain and suffering, past and future; and mental anguish, past and future.

18. In addition, Plaintiffs assert claims for costs of court as well as prejudgment and post-judgment interest for all elements of damages on which such interest is allowed by law.

## VI. PRAYER

Plaintiffs pray that the Defendants be cited to appear and answer as the law directs, and that upon final hearing, judgment be entered for Plaintiffs pursuant to the above allegations. Plaintiffs also seeks such other and further relief, both general and special, at law and in equity, to which they may be entitled.

Dated: March 2, 2020

Respectfully submitted,

PROVOST & UMPHREY
LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas   77704
(409) 835-6000
Fax No. (409) 838-8888

By: /s/Christopher T. Kirchmer
    CHRISTOPHER T. KIRCHMER
    State Bar No. 00794099

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

/s/Christopher T. Kirchmer
CHRISTOPHER T. KIRCHMER